UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JUSTIN J. MARTIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 4:20-cv-00046-TWP-DML |

**ORDER DENYING MOTION FOR DISCOVERY**

This matter is before the Court on Petitioner Justin J. Martin's ("Mr. Martin") Motion for Discovery Pursuant to Fed. R. Civ. Proc. Rule 6. (Dkt. 26). Mr. Martin, a habeas corpus petitioner, seeks an order compelling discovery.

Rule 6(a) of the Rules Governing § 2255 Proceedings, allows petitioners to conduct civil discovery "if, and to the extent that, the judge in the exercise of … discretion and for good cause shown grants leave to do so, but not otherwise." *See Bracy v. Bramley,* 520 U.S. 899, 904 (1997) ("habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course"). To be entitled to discovery, a petitioner must make specific factual allegations which demonstrate that there is good reason to believe the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief. *See id.* at 908-09.

Mr. Martin was charged with several crimes related to robberies of cellphone stores. He pled guilty to conspiracy to affect commerce robbery, affecting commerce by robbery, and brandishing a firearm in furtherance of a crime of violence. *United States v. Martin*, 4:15-cr-25-TWP-VTW ("Cr. Dkt.") (Dkt. 706). Mr. Martin seeks discovery of video surveillance of the cellphone store robberies that he contends will show that he did not brandish a firearm as charged.

But the plea agreement contained a stipulated factual basis which stated that, as for one of the robberies Mr. Martin participated in, "the video surveillance displays Martin brandishing a firearm and also loading cellular phones and devices into a black trash bag." Cr. Dkt. 523 at 3. And he admitted at his change of plea hearing that he brandished a firearm at that robbery. Cr. Dkt. 745 at 21. For another of the robberies, Mr. Martin disputed at his sentencing that he entered the store, but conceded he was the getaway driver and he knew that firearms were going to be brandished. Cr. Dkt. 725 at 13. The prosecutor noted that Count 4 of the superseding indictment also charged Mr. Martin with aiding and abetting under 18 U.S.C. § 2 and that the additional aiding and abetting charge was "sufficient for a factual basis" as to the brandishing charge. *Id.*

Here, because Mr. Martin admitted under oath that he brandished a firearm during at least one robbery and that he aided and abetted another robbery during which a firearm was brandished, he cannot challenge those facts in his § 2255 motion. *See Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted); *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999) ("when the judge credits the defendant's statements in open court, the game is over").

Mr. Martin therefore cannot show that surveillance video will provide evidence that will entitle him to relief. For these reasons, Mr. Martin's motion for discovery, dkt. [26], is **denied.**

**IT IS SO ORDERED.**

Date: 9/3/2021

                                                   Hon. Tanya Walton Pratt, Chief Judge
                                                   United States District Court
                                                   Southern District of Indiana

Distribution:

JUSTIN J. MARTIN
50909-424
GILMER - FCI
GILMER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE, WV 26351
All Electronically Registered Counsel